## (April 13, 1965)

RONIE LAMBERT et al., Appellants, v. PAUL CORY, as Treasurer and on Behalf of Travelers Express Company, Respondent.— Judgment, dismissing the complaint, unanimously affirmed, with $50 costs to respondent. In this action for damages caused by an alleged malicious prosecution, it appeared that plaintiffs had been indicted by a Grand Jury in Bronx County but had been acquitted upon a trial of the indictment. Since the indictment by the Grand Jury created a presumption of probable cause, it was incumbent on plaintiffs to prove, in addition to the termination of the criminal proceeding in their favor, that defendant-respondent presented false evidence or withheld pertinent exculpatory evidence from the prosecutor and Grand Jury which may have affected the Grand Jury's decision to indict. (*Ashlaw* v. *Racquette Riv. Paper Co.*, 1 A D 2d 69, affd. 2 N Y 2d 744; *Eberhardt* v. *Consolidated Edison Co. of N. Y.*, 1 A D 2d 1001, affd. 3 N Y 2d 968; *Brown* v. *Simab Corp.*, 20 A D 2d 121, 122.) In our opinion, the Trial Justice properly dismissed the complaint at the close of the plaintiffs' case. The evidence was insufficient to permit any conclusion that employees of defendant-respondent had falsely testified before the Grand Jury or suppressed any pertinent facts. The only proof offered by plaintiffs to establish that false evidence had been presented to the Grand Jury was the testimony of plaintiffs themselves which contradicted the testimony, in certain respects, given by defendant's agents before the Grand Jury. It was stipulated at the trial that there was no substantial variance between the testimony before the Grand Jury and at the criminal trial. These contradictions

by plaintiffs of the testimony given by defendant's agents were, in the absence of any other cogent proof, insufficient to show the necessary falsification of evidence before the Grand Jury. Because of this deficiency in the evidence, it is unnecessary for us to pass on the question of whether defendant-respondent could, in any event, have been held liable because of the failure to prove that defendant, a joint stock association, had in any way adopted, authorized or was aware of any alleged false testimony of its agents. It was upon this latter ground that the Trial Justice expressly dismissed the complaint. Although we do not reach that question, because of the unanimous view of this court that the evidence was inadequate upon the other ground mentioned hereinabove, we, nevertheless, note that some members of this court are in agreement with the Trial Justice on the matter of the insufficiency of the evidence on the issue of *respondeat superior*. Concur — Valente, J. P., McNally, Stevens, Eager and Steuer, JJ.